UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DARLENE M. VON BEHREN, | |
| Plaintiff, | Case No. 14 C 4618 |
| v. | Magistrate Judge Sidney Schenkier |
| PLAINFIELD COMMUNITY CONSOLIDATED SCHOOL DISTRICT 202, | |
| Defendant. | |

## MEMORANDUM OPINION AND ORDER[1]

On June 16, 2014, Darlene M. von Behren filed a complaint against Plainfield Community Consolidated School District 202, alleging two counts of national origin discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.* (one count based on "discriminatory intent" and one count based on "disparate impact"), and two counts of national origin discrimination under the Illinois Human Rights Act, 775 ILCS 5/2-101, *et seq.* ("IHRA") (essentially identical to the two counts alleged under Title VII) (doc. # 1: Compl. at 7-14). Defendant has moved to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on the grounds that plaintiff's claims are untimely and plaintiff's complaint fails to state a claim for national origin discrimination under Title VII or the IHRA (doc. # 21: Def.'s Mot to Dismiss at 1).[2] The motion has now been fully briefed.[3] For the reasons

---

[1]On September 5, 2014, by consent of the parties and pursuant to 28 U.S.C. § 636(c) and Local Rule 73.1, this case was assigned to the Court for all proceedings, including entry of final judgment (doc. # 20).

[2]In the motion, defendant also argues that punitive damages, which plaintiff sought in her complaint, are not recoverable against the school district (Def.'s Mot. at 1). Plaintiff has since agreed to withdraw her claim for punitive damages (doc. # 26: Pl.'s Resp. to Def.'s Mot. to Dismiss at 11).

[3]The briefing includes a sur-reply, which we gave Ms. von Behren leave to file on November 25, 2014 (doc. # 31).

that follow, we grant defendant's motion to dismiss for failure to state a claim.

## I.

The material facts alleged in the complaint, which the Court accepts as true for the purpose of this motion, are as follows.

Ms. von Behren is of Canadian national origin, and resides in DuPage County, Illinois (Compl., ¶ 6). Prior to beginning work for defendant as Assistant Superintendent of Education for Administration and Personnel on July 1, 2009, plaintiff obtained approximately two years of relevant work experience elsewhere in Illinois and four years of relevant work experience in Pennsylvania (*Id.*, ¶ 9). Before that, plaintiff had spent nine years working in the relevant field in British Columbia, Canada (*Id.*).

During the time plaintiff was employed as an administrator by defendant, from July 1, 2009 to June 30, 2012, defendant relied on a salary matrix to determine compensation for each administrator based on the number of years of the administrator's past relevant work experience (Compl., ¶ 11). At the time she was hired by defendant, Ms. von Behren was paid a salary commensurate with an administrator with seven years of relevant past experience (*Id.*, ¶ 13), which did not include her nine years of work experience in Canada.

Ms. von Behren first became aware that defendant had a policy of using the salary matrix to determine staff salaries in early 2010 (Compl., ¶¶ 12, 16). She also learned at that time that defendant had a policy or practice of not crediting foreign work experience in applying the matrix (*Id.*, ¶ 16). Subsequently, in or about April or May 2010, and again in June 2010, Ms. von Behren sent written requests to her supervisor, school district superintendent John Harper, to credit her past relevant work experience in Canada and adjust her compensation (both retroactively and going forward) accordingly (*Id.*, ¶¶ 17-18).

The school board met and discussed Ms. von Behren's request in or about July, August, and September 2010, but did not approve adjusting her salary to take into account her years of work experience in Canada (Compl., ¶ 19). Ms. von Behren continued to work for defendant until June 30, 2012, earning a salary that never took into account her work experience in Canada (*Id.*, ¶ 20). On November 13, 2012, Ms. von Behren filed a charge of discrimination with the Illinois Department of Human Rights ("IDHR") and the EEOC (*Id.*, ¶ 5).

In her complaint, Ms. von Behren alleges that she was discriminated against under Title VII and the IHRA under a "discriminatory intent" theory because "[t]he School District treated [her] in an unequal manner because of her Canadian national origin by refusing to credit [her] relevant past work experience acquired in Canada[,] subjecting her to unequal terms and conditions in her employment" (Compl., ¶¶ 26, 40). Ms. von Behren also alleges that she was discriminated against under a "disparate impact" theory because "[t]he School District's policy and practice of not crediting foreign work experience in assessing the appropriate level of compensation due to administrators also had a disparate impact on Ms. von Behren because of her national origin," which policy and practice "was not job-related or necessary to the operation of the business" (*Id.*, ¶¶ 23, 33, 46). Ms. von Behren further alleges that due to her Canadian national origin, she was "required . . . to work for lower levels of compensation than individuals with her comparable skill and experience" (*Id.*, ¶ 22).

## II.

When analyzing a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6), "[o]ur analysis rests on the complaint, and we construe it in the light most favorable to the plaintiffs, accepting as true all well-pleaded facts alleged and drawing all permissible inferences in their favor." *Fortres Grand Corp. v. Warner Bros. Entm't Inc.*, 763

3

F.3d 696, 700 (7th Cir. 2014). But, that rule of construction does not apply to legal conclusions or "threadbare" or "formulaic" recitals of a cause of action, supported only by conclusory statements. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "And while a complaint does not need 'detailed factual allegations' to survive a 12(b)(6) motion to dismiss, it must allege sufficient facts to 'state a claim to relief that is plausible on its face.'" *League of Women Voters of Chi. v. City of Chi.*, 757 F.3d 722, 724 (7th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief. . . . This is not akin to a probability requirement but the plaintiff must allege more than a sheer possibility that a defendant has acted unlawfully." *McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 887 (7th Cir. 2012) (internal quotations and citations omitted).

### III.

Title VII prohibits discrimination with respect to the terms, conditions, or privileges of an individual's employment based on the individual's protected characteristics, including national origin. 42 U.S.C. § 2000e-2(a). Defendant contends that plaintiff's complaint does not sufficiently plead that she was discriminated against based on her foreign national origin, but only alleges that she was paid less due to her foreign work experience (Def.'s Mem. at 6). Defendant argues that "[w]ithout more, the fact that Plaintiff happens to be a citizen of a country where she earned the foreign work experience does not create an actionable national origin claim" (*Id.*). We agree.

Though plaintiff's complaint advances both disparate treatment claims (which plaintiff's complaint labels "discriminatory intent" claims) and disparate impact claims, her response brief does not distinguish between the allegations her complaint sets forth in support of these claims.

4

However, Ms. von Behren addresses her disparate impact and disparate treatment claims separately in her sur-reply (doc. # 32: Pl.'s Sur-Reply). As these are distinct claims requiring different evidentiary support, we follow that construct as well and analyze separately the sufficiency of plaintiff's pleading for each type of claim.

### A.

An essential element of a claim of disparate treatment, also referred to as intentional discrimination, is discriminatory motive or intent. *Adams v. City of Indianapolis*, 742 F.3d 720, 730-31 (7th Cir. 2014). Thus, to state a claim of disparate treatment, plaintiff's complaint must sufficiently allege that defendant intended to discriminate against her based on her national origin. Generally, complaints of discrimination under Title VII "need only aver that the employer instituted a (specified) adverse employment action against the plaintiff on the basis of her [protected characteristic]." *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1028 (7th Cir. 2013) (internal quotations omitted)). However, where "the complaint alleges discriminatory intent in a wholly conclusory fashion, . . . dismissal [i]s proper under the pleadings standards" set forth in *Iqbal* and *Twombly*. *McReynolds*, 694 F.3d at 877.

That is the case here. Plaintiff's allegations of discriminatory intent are "threadbare" and "conclusory." *Iqbal*, 556 U.S. at 678. Ms. von Behren summarily alleges that she was treated unequally under defendant's policy not to credit foreign work experience in determining salary. However, the complaint does not allege that defendant's salary policy was based on consideration of her (or anyone else's) national origin; rather, it alleges that defendant's salary policy was instituted on the basis of foreign work experience. Foreign work experience and foreign national origin are not on their face synonymous. Nor does plaintiff contend that other

employees who obtained work experience in foreign countries -- including United States-born employees -- received different or better treatment than she received.

In both her response brief and sur-reply, plaintiff argues that she has sufficiently stated a claim of disparate treatment because EEOC and IDHR regulations state that "selection procedures that deny employment opportunities based on foreign training and education *may* be discriminatory on the basis of national origin" (Pl.'s Resp. at 9, citing 29 C.F.R. § 1606.6(b)(2) and Ill. Admin § 5220.700 (emphasis added); *see also* Pl.'s Sur-reply at 5). Thus, plaintiff asserts that "salary differentials between individuals of foreign origin and their similarly-situated counterparts of American national origin can violate Title VII" (Pl.'s Sur-reply at 5). However, as plaintiff concedes, for such a policy to be intentionally discriminatory, it must arise in circumstances that indicate "discriminatory animus towards a national origin group" (Pl.'s Resp. at 10 n.5). Plaintiff offers no factual allegations to show that defendant's policy is rooted in animus toward persons of Canadian origin. On its face, this policy would disadvantage a United States-born person who worked abroad no less than a Canadian-born person such as Ms. von Behren. There is no assertion that the policy targets Canadians, or that it does not apply equally to anyone who obtains foreign work experience -- including persons born in the United States who claim no other national origin.

Plaintiff also does not allege that defendant's policy caused salary differentials between individuals of different national origin(s). Rather, the complaint alleges only that the policy resulted in salary differentials for individuals with *work experience* from foreign countries, specifically Canada, a result that would apply to individuals born in the United States as well as other countries. Indeed, even if defendant had known that its salary system could have a

disparate impact on a protected group, the allegation that defendant knew or should have known this is too conclusory to plead intentional discrimination. *McReynolds*, 694 F.3d at 885-86.

Plaintiff's reliance on *Anderson v. Zubieta*, 180 F.3d 329 (D.C. Cir. 1999), first cited in her sur-reply (Pl.'s Sur-reply at 4), is misplaced. That case involved a policy whereby the date on which an employee became a United States citizen affected his or her salary. By contrast, the policy alleged here does not base salary on citizenship or national origin, but instead on where a person obtained work experience -- whatever his or her national origin. We reject plaintiff's attempt to salvage a conclusory allegation of discrimination by conflating foreign work experience with foreign national origin. Thus, we agree with defendant that Ms. von Behren's complaint does not state a claim of intentional discrimination under Title VII.

**B.**

In addition to prohibiting intentional discrimination, Title VII prohibits an employer from using a particular employment practice that causes -- even unintentionally -- a disparate impact on the basis of race. 42 U.S.C. § 2000e-2(k). In contrast to disparate treatment claims, "disparate impact claims require no proof of discriminatory motive and 'involve employment practices that are facially neutral in their treatment of different groups but that in fact fall more harshly on one group than another and cannot be justified by business necessity.'" *Puffer v. Allstate Ins. Co.*, 675 F.3d 709, 716 (7th Cir. 2012) (quoting *Int'l Bhd. of Teamsters v. United States*, 431 U.S. 324, 335 n.15 (1977)). A disparate impact claim can be based on any employment policy that disproportionately and negatively affects members of one of Title VII's protected groups and cannot be justified as job-related and consistent with business necessity. *Adams*, 742 F.3d at 730-31.

In this case, Ms. von Behren alleges that "[t]he School District's policy and practice of not crediting foreign work experience in assessing the appropriate level of compensation due to administrators also had a disparate impact on Ms. von Behren because of her national origin" (Compl., ¶ 33). Ms. von Behren does not say that defendant's policy fell more harshly on a particular protected "group" as described in *Puffer* and *Adams*. Rather, Ms. von Behren states in the most conclusory fashion that because the school district's policy did not compensate her for her foreign work experience, defendant's policy had a disparate impact on her because of her Canadian national origin (*Id.*, ¶ 32).[4]

To support her disparate impact claim, plaintiff again points to the EEOC and IDHR regulations, that "make clear that selection procedures that deny employment opportunities based on foreign training and education *may* be discriminatory on the basis of national origin" (Pl.'s Resp. at 9, citing 29 C.F.R. § 1606.6(b)(2) and Ill. Admin § 5220.700 (emphasis added)). However, the Seventh Circuit has made clear that "a sheer possibility that a defendant has acted unlawfully" is insufficient to meet the plausibility standard of *Iqbal*. *See McReynolds*, 694 F.3d at 887. A plaintiff cannot survive a motion to dismiss a disparate impact claim without presenting "some basic allegations" that the practice or policy at issue caused a "statistically significant" imbalance between members of the protected group and other employees. *Adams*, 742 F.3d at 733. Here, Ms. von Behren does not mention any other members of any protected group that were affected by the salary matrix at issue.

---

[4] Plaintiff's argument that "[w]hether Canadian work experience is 'inherently tied' to Canadian national origin is wholly irrelevant to a disparate impact claim" (Pl.'s Sur-reply at 8) is incorrect. As we explain above, foreign work experience and foreign national origin are not equivalent. Thus, plaintiff's pleading that she was not adequately compensated for her foreign work experience is, without more, not sufficient to state a claim for discrimination based on national origin under either a disparate impact or disparate treatment theory of discrimination.

Ms. von Behren argues that she need only allege that defendant's policy had a disparate impact on herself based on her national origin in order to state a claim (Pl.'s Sur-reply at 7).[5] While we agree that not every disparate impact case must be plead as a multi-plaintiff or class action case, a complaint alleging a disparate impact claim must allege a policy or practice which results in an impact that transcends the individual plaintiff. Unlike a plaintiff who alleges a claim of intentional discrimination, a plaintiff asserting a disparate impact claim need not plead or prove an intent to discriminate. *Puffer*, 675 F.3d at 716. This is because when enacting the disparate impact provision of Title VII, "Congress recognized that some of these employment practices, adopted without a deliberately discriminatory motive, may in operation be functionally equivalent to unconstitutional intentional discrimination . . . and may have effects that are indistinguishable from intentionally discriminatory practices." *Okruhlik v. Univ. of Arkansas ex rel. May*, 255 F.3d 615, 626-27 (8th Cir. 2001) (citing *Watson v. Fort Worth Bank & Trust*, 487 U.S. 977, 987, 990 (1988)) (internal quotations omitted).

But, the trade-off for being relieved of that burden is the need to allege that the policy in question has an adverse impact beyond the single plaintiff. Were it otherwise, policies that lack a discriminatory intent could be the basis for liability simply based on an isolated or aberrational result. Thus, to state a claim that an employer's policy had a disparate impact on a protected group, the complaint must allege that the employer's practice or policy affected members of the protected group more harshly that other employees. *See Adams*, 742 F.3d at 732. This requires pleading two things that are missing from Ms. von Behren's complaint: (1) that employees who were not members of the protected group were treated differently; and (2) that individuals other than the plaintiff were adversely affected by the policy. *See Hankins v. Best Buy Co., Inc.*, No.

---

[5] Plaintiff's alternative contention that she "clearly alleged" that defendant's policy was "not an isolated decision particular to her as an individual" (Pl.'s Sur-reply at 7) is unsupported by the allegations in her complaint.

10-4508, 2011 WL 6016233, at *8 (N.D. Ill. Dec. 2, 2011) (quoting *Reidt v. County of Trempealeau*, 975 F.2d 1336 (7th Cir. 1992) ("[D]iscriminatory impact cannot be established where you have just one isolated decision")). As a result, plaintiff has failed to meet her burden of presenting "some basic allegations" that the practice or policy at issue caused a "statistically significant" imbalance between members of the protected group and other employees. *Adams*, 742 F.3d at 733.

*E.E.O.C. v. Synchro-Start Products, Inc.*, 29 F. Supp. 2d 911 (N.D. Ill. 1999), relied on by plaintiff (Pl.'s Resp. at 9), does not change this analysis. Contrary to plaintiff's contention, *Synchro-Start* did not hold that EEOC regulations create an inference that defendant's policy is discriminatory under a disparate impact theory. In *Synchro-Start*, the district court explained that a workplace "English-only rule" may create an inference that a foreign national is disadvantaged in his or her employment on the basis of his or her national origin because it could "create an atmosphere of inferiority, isolation and intimidation." *Id.* at 914 (internal quotations and citations omitted). The same cannot be claimed here; plaintiff complains of an internal human resources policy that was not even known to her for the first six months of her employment, not an open workplace policy that had any effect on her workplace conditions.

Like her allegations of disparate treatment, Ms. von Behren's "complaint alludes to disparate impact in wholly conclusory terms." *Adams*, 742 F.3d at 733. Plaintiff's allegations of disparate impact "are stated as legal conclusions, without any factual content to support an inference" that defendant's policy and practice of not crediting foreign work experience in assessing the appropriate level of compensation caused a disparate impact on any particular national origin group. *Id.* at 724. Thus, Ms. von Behren's complaint does not state a claim of discrimination based on disparate impact under Title VII.

## CONCLUSION

For the foregoing reasons, we grant defendant's motion to dismiss (doc. # 21). This dismissal is without prejudice. Plaintiff is given until December 17, 2014, to replead if she is able to do so consistent with Rule 11.[6]

**ENTER:**

_____
**SIDNEY I. SCHENKIER**
**United States Magistrate Judge**

DATE: December 2, 2014

---

[6]Because we dismiss the case on the merits, it is unnecessary for us to rule on defendant's argument that the plaintiff's claims are barred by the statute of limitations. That said, we point out that the statute of limitations defense asserted by defendant is flawed. Defendant argues that although Ms. von Behren continued working for defendant through June 30, 2012, she had to have filed her administrative charge within 300 days of her discovery of defendant's salary policy in September 2010. In support of its argument, defendant relies on the Supreme Court's opinion in *Delaware State College v. Ricks*, 449 U.S. 250, 257-58 (1980), and ignores the Lilly Ledbetter Fair Pay Act of 2009, which provides that the time limit for filing an EEOC charge alleging pay discrimination resets with each paycheck affected by a discriminatory decision. In light of that legislation, defendant's "reliance on *Delaware State College v. Ricks* . . . to argue that the paycheck accrual rule should not apply, is not at all convincing . . ." *Groesch v. City of Springfield, Ill.*, 635 F.3d 1020, 1026 n.3 (7th Cir. 2011).

11